IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEAN WAYNE RIMER,**

    **Plaintiff,**

 v.                                                                                                                                               No. 17-cv-0696 SMV

**NANCY A. BERRYHILL,**
**Acting Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 18] ("Motion"), filed on February 15, 2018. The Commissioner responded on April 12, 2018. [Doc. 20]. Plaintiff replied on May 7, 2018. [Doc. 23]. The parties have consented to my entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet his burden as the movant to show that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that his decision was not supported by substantial evidence. Accordingly, the Motion will be denied and the Commissioner's final decision affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on December 15, 2015. Tr. 18. He alleged a disability-onset date of January 23, 2009.[3] *Id.* His claim was denied initially and on reconsideration. *Id.* ALJ Cole Gerstner held a hearing on November 29, 2016, in Albuquerque, New Mexico. Tr. 18, 37–79. Plaintiff appeared with his attorney. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE") Mary Weber. *Id.*

The ALJ issued his unfavorable decision on February 22, 2017. Tr. 32. The ALJ found that Plaintiff met the insured status requirements through March 31, 2019. Tr. 20. At step one he found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: posttraumatic stress disorder ("PTSD"), panic attacks, depressive disorder, degenerative disc disease of the lumbar spine, and bilateral degenerative joint disease of the knees. *Id.* He further found that Plaintiff's seizure disorder was not severe. Tr. 20–21.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 21–22. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 22–29. The ALJ found that Plaintiff had

> the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except allows for sitting, standing[,] and walking six hours of an eight[-]hour workday; pushing and pulling as much as he can lift and carry; occasional climbing of ladders, ropes,

---
[3] There are references in the record implying that Plaintiff had been approved for disability benefits in 2010 but that those benefits were terminated on March 31, 2014. Tr. 28, 40. At the hearing in this case, at the request of Plaintiff's counsel, the ALJ orally amended the alleged onset date to February 1, 2014. Tr. 40–41; *see* [Doc. 18] at 3; [Doc. 20] at 1. Nevertheless, the ALJ's decision explicitly finds that Plaintiff was not disabled between January 23, 2009, and the date of the decision, i.e., February 22, 2017. Tr. 31–32.

> scaffolds, ramps[,] and stairs; occasional stooping, kneeling, crouching[,] and crawling; work environment with occasional exposure to unprotected heights, moving mechanical parts, extreme cold, vibration[,] and moderate noise; limited to simple, routine[,] and repetitive tasks but not at a production rate pace; judgment limited to simple work[-]related decisions; occasional interaction with supervisors, coworkers[,] and the general public; and changes in the work setting is [sic] limited to simple work[-]related decisions.

Tr. 22–23.

At step four the ALJ found that Plaintiff was not able to return to his past relevant work. Tr. 30. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 30–31. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on May 8, 2017. Tr. 1–5. Plaintiff timely filed the instant action on July 5, 2017. [Doc. 1].

## Analysis

Plaintiff fails to show reversible error in the ALJ's evaluation of the medical opinions of Dr. Hughson and Dr. Walker. Similarly, Plaintiff fails to show reversible error in the evaluation of his ability to interact socially. Accordingly, Plaintiff's motion will be denied.

### Plaintiff fails to show reversible error in the evaluation of Dr. Hughson's and Dr. Walker's opinions.

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. § 416.927(e)(2)(ii)). That is, when assessing a plaintiff's RFC, an ALJ must explain what weight he assigns to each opinion and why. *Id.* "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific

medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to provide "appropriate *explanations* for accepting or rejecting such opinions." Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. § 416.927(e)(2)(ii)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

In this case, Dr. Hughson performed a consultative psychiatric examination on December 5, 2013. Tr. 332–35. She diagnosed PTSD, breathing-related sleep disorder, and cannabis dependence. Tr. 335. She assessed his global assessment of functioning ("GAF") at 60, which indicates moderate symptoms and impairment. *Id.* She assessed moderate limitations in several areas of Plaintiff's mental functioning, including in the ability (1) to work without supervision and (2) to adapt to changes in the workplace. Tr. 337. On February 25, 2016, Dr. Walker offered a non-examining opinion that Plaintiff had moderate limitations in several areas of mental functioning, including in the ability (1) to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a

6

consistent pace without an unreasonable number and length of rest periods and (2) to respond appropriately to changes in the work setting. Tr. 95.

The ALJ adopted both Dr. Hughson's and Dr. Walker's assessments. Tr. 26–27. As to Plaintiff's mental abilities, the ALJ assessed his RFC as follows: "limited to simple, routine[,] and repetitive tasks but not at a production rate pace; judgment limited to simple work[-]related decisions; occasional interaction with supervisors, coworkers[,] and the general public; and changes in the work setting is [sic] limited to simple work[-]related decisions." Tr. 23.

In his motion, Plaintiff argues that the ALJ failed to properly evaluate Dr. Hughson's and Dr. Walker's opinions. Plaintiff's position is that the ALJ failed to include in the RFC assessment certain mental limitations and also failed to explain the omission. Specifically, Plaintiff points to moderate limitations in his ability to: **(1)** attend and concentrate, **(2)** complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and **(3)** adapt to changes in the workplace. [Doc. 18] at 17. However, in his reply, Plaintiff concedes that the first two areas of mental functioning were, in fact, accounted for in the ALJ's RFC. [Doc. 23] at 2 ("Mr. Rimer concedes that ALJ Gerstner's RFC findings adequately expressed limitations in carrying out instructions, maintaining concentration and attention, social interactions, and completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods[.]"). Confusingly, though, Plaintiff went on to argue in his reply that the ALJ had failed to account "for limitations in <u>attention and concentration</u> (assessed by both doctors), and the ability to <u>work without supervision</u> (assessed by Dr. Hughson)." *Id.*

7

To the extent that Plaintiff did not actually intend to concede that the RFC assessment accounted for his moderate limitation in the ability to attend and concentrate, the Court finds that the argument is not persuasive. Plaintiff's moderate limitation in the ability to attend and concentrate was adequately accounted for in the ALJ's limitation to simple, routine, and repetitive tasks and no production rate pace.[4] *See Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) ("[T]he ALJ accounted for Vigil's moderate concentration, persistence, and pace problems in his RFC assessment by limiting him to unskilled work."). Plaintiff argues that *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014) compels the opposite result. [Doc. 23] at 3. The Court cannot agree. *Vigil* is published, while *Jaramillo* is not. Moreover, *Vigil* was decided after *Jaramillo*. The Court, therefore, is bound by *Vigil*.

Returning to the challenges raised by Plaintiff in this appeal, the opening brief contains no challenge arising from Dr. Hughson's moderate limitation in the ability to work without supervision. *See* [Doc. 18]. The argument is raised for the first time in the reply. [Doc. 23] at 2. Therefore, it is waived. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1501 (10th Cir. 1992) (district court acts as a first-tier appellate court); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases"); *Kruse v. Astrue*, 436 Fed. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived") (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994)).

That leaves only Plaintiff's argument regarding his moderate limitation in the ability to adapt to changes in the workplace. [Doc. 18] at 17. Plaintiff acknowledges that the ALJ

---

[4] The Court finds no material difference in the RFC's limitation to "simple, routine[,] and repetitive" tasks and "unskilled" work. *See* SSR 96-9p, 1996 SSR LEXIS 6, at *9, 1996 WL 374185, at *9 (defining mental requirements of unskilled work to include "[u]nderstanding, remembering, and carrying out simple instructions"); *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (equating simple work with unskilled work).

8

included the phrase "changes in the work setting is [sic] limited to simple work[-]related decisions" in the RFC. *Id.* However, Plaintiff argues that because the reference is not readily understandable, it is inadequate. *Id.* Without any explanation as to why the limitation is not adequately reflected in the RFC, Plaintiff argues that remand is necessary. *Id.*

Defendant concedes that this portion of the RFC assessment is "somewhat confusing[]." [Doc. 20] at 7 n.6. Nevertheless, she characterizes this as an "error in writing technique" and argues that it was "harmless." *Id.* (citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("certain technical errors are minor enough not to undermine confidence in the determination of the case") (internal quotation marks omitted). Defendant does not develop this harmless error-argument further. *Id.*

More to the point, Defendant argues that the moderate limitation in Plaintiff's ability to respond to changes in the work setting was accounted for "by restricting Plaintiff to simple, routine[,] and repetitive tasks, simple work-related decisions, and only occasional social interactions." [Doc. 20] at 11 (citing *Smith*, 821 F. 3d at 1268–69 (ALJ accounted for State agency physician's multiple moderate ratings, including responding appropriately to changes in the workplace, by limiting the claimant to simple, repetitive, and routine tasks, and no face-to-face contact with the public)). The Court agrees with Defendant. In *Smith*, the Tenth Circuit Court of Appeals found that a moderate limitation in the ability to respond to changes in the work setting could be accounted for in a limitation to unskilled work. 821 F. 3d at 1268–69. Plaintiff offers no argument as to why *Smith* does not control here. *See* [Doc. 23].

Plaintiff fails to show that the moderate mental limitations assessed by Dr. Hughson and Dr. Walker are not adequately accounted for in the RFC assessment. Accordingly, Plaintiff fails to show that the ALJ erred in evaluating these medical opinions.

9

<u>Plaintiff fails to show reversible error
in the evaluation of his ability to interact socially.</u>

Plaintiff challenges the RFC assessment on the ground that it limits his ability to interact socially "only in terms of **frequency, rather than quality of contact**." [Doc. 18] at 20. He argues that "there is no factual or medical basis to measure interaction with others only in terms of 'quantity' and not 'quality' of contact." *Id.* For support, Plaintiff cites to Social Security Ruling 96-8p, which explains how an ALJ should arrive at his RFC assessment by performing a function-by-function analysis of the plaintiff's abilities so that the ALJ does not "overlook limitations or restrictions that would narrow the ranges and types of work [he] may be able to do." SSR 96-8p, 1996 SSR LEXIS 5, at *11.

An ALJ's failure to conduct a function-by-function analysis, however, is not always reversible error. The Tenth Circuit Court of Appeals addressed this issue in *Hendron v. Colvin*, 767 F.3d 951, 956–57 (10th Cir. 2014). There, the court found that the absence of an explicit function-by-function analysis was not critical to the outcome of the case because the ALJ clearly had addressed the limitation at issue (Ms. Hendron's ability to sit). *Id.* That is, even without the function-by-function analysis, the court could follow the ALJ's reasoning in evaluating Ms. Hendron's ability to sit. *Id.*

Here, Plaintiff argues that a function-by-function analysis was required to ensure that Plaintiff's established limitations in social functioning were adequately accounted for in the RFC assessment. [Doc. 18] at 21. Plaintiff acknowledges that the ALJ limited him to "occasional interaction with supervisors, coworkers[,] and the general public[.]" *Id.*; Tr. 23. Plaintiff, however, complains that the ALJ's limitation addresses only the frequency or quantity of his social interactions, rather than the "quality" of his interactions. [Doc. 18] at 21.

Defendant defends the ALJ's quantity limitation (i.e., "occasional" social interactions). [Doc. 20] at 13–14. She cites to *Yotter v. Berryhill*, in which the Honorable Carmen Garza, now Chief United States Magistrate Judge, rejected the same argument. No. 17-cv-0202 CG, 2017 U.S. Dist. LEXIS 198777, at *24–27, 2017 WL 6001765, at *8–9 (D.N.M. Dec. 4, 2017) (unpublished). Judge Garza found that "occasionally" means "occurring from very little up to one-third of the time," and generally "no more than 2 hours of an 8-hour workday." *Id.* at 25 (quoting SSR 83-10, 1983 WL 31251, at *5; SSR 96-9p, 1996 WL 374185, at *3). Judge Garza acknowledged that a "quantity" limitation was often associated with physical limitations. *Id.* at 25–26. However, the plaintiff in *Yotter* had cited no authority forbidding the ALJ's "quantity" limitation on mental functioning. *Id.* at 26. And, moreover, Judge Garza cited several instances in which the Tenth Circuit had affirmed RFCs with "quantity" limitations on mental abilities. *Id.* (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1175−76 (10th Cir. 2005) (claimant limited to "occasional interaction with coworkers" and no direct public contact); *Chavez v. Colvin*, 654 Fed. App'x. 374, 375 (10th Cir. 2016) (limiting claimant to "no interaction with the public, and only occasional and superficial contact with co-workers"); *Davison v. Colvin*, 596 Fed. App'x. 675, 680 (10th Cir. 2014) (limiting claimant to "occasional" interaction with supervisors and co-workers, and "no work interaction with the public")).

Plaintiff does not distinguish *Yotter* in his reply. In fact, Plaintiff does not address this argument in any way. The Court finds no reversible error either in any lack of a function-by-functional analysis or in the ALJ's limiting the "quantity" of Plaintiff's social interactions. This is because the limitation at issue here—Plaintiff's ability to interact socially—is discussed in the ALJ's decision and included in the RFC assessment. The Court can follow the ALJ's reasoning. Plaintiff fails to show that remand is warranted.

**Conclusion**

Plaintiff fails to show reversible error in the ALJ's evaluation of the medical opinions of Dr. Hughson and Dr. Walker or of his ability to interact socially. Plaintiff, therefore, fails to meet his burden as the movant to show that the ALJ did not apply the correct legal standards or that his decision was not supported by substantial evidence. Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [Doc. 18] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**